UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., et al.,

   Plaintiffs,

v.                   Case No.:  8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,

   Defendant.
_____/

## **O R D E R**

This cause comes before the Court on a Motion to Dismiss Defendant's Amended Counterclaims and Strike Affirmative Defenses, filed by Plaintiffs/Counter-Defendants Industrial Engineering & Development Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC (collectively, "Plaintiffs"). (Dkt. 30.)  Defendant Static Control Components, Inc., filed a response in opposition to the motion.  (Dkt. 33.)

**I. Background**

On March 30, 2012, Plaintiffs initiated this breach of contract action against Defendant. Their dispute involves Defendant's alleged failure to pay royalties under the parties' Settlement and Cross-License Agreements, which the parties allegedly entered into to resolve previously-pending lawsuits.  According to Plaintiffs, those Agreements contain provisions that expressly prohibit the parties from challenging the validity of each other's patents.

Notwithstanding the Agreements, Defendant filed counterclaims in this lawsuit for invalidity of Plaintiff's patents.  Plaintiffs initially moved to dismiss Defendant's counterclaims

and to strike Defendant's affirmative defenses. In response, Defendant moved to amend its counterclaims, in order to avoid their dismissal. On October 10, 2012, the Court granted Defendant's motion to amend. In so ruling, the Court held that Defendant's Fourth and Fifth Counterclaims were not futile.

Defendant filed its Answer, Affirmative Defenses, and Amended Counterclaims on October 4, 2012. Thereafter, Plaintiffs filed the instant motion seeking dismissal of Defendant's affirmative defenses and counterclaims of invalidity, unenforceability, and legal ownership. Plaintiffs also move to strike several of Defendant's affirmative defenses on the grounds they lack requisite factual support.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint "does not need detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 28 80 (1957).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable

to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950.

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Typically, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Affirmative defenses are stricken only when they are insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Id.* Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement" of the defense. *Id.*

**III.   Discussion**

   **A.   Whether Defendant's Counterclaims and Affirmative Defenses Are Barred by the Cross License Agreement**

First, Plaintiffs argue that Defendant is barred from pursuing the First, Third, and Fourth Counterclaims and the Second and Fourth Affirmative Defenses, which challenge the validity and enforceability of Plaintiffs' patents, because of the no-challenge clause of the Cross License Agreement. That provision, which is found at Section 2.2.6, reads: "No party shall file an action contesting the validity of patent rights with respect to the Technology owned by the other party."

3

Plaintiffs argue that, if Defendant is permitted to challenge the validity of the patents, that would undermine the consideration that formed the basis of the parties' settlement of the prior litigation, and turn this case, which began as a simple breach of contract case, into a complicated dispute over patent validity.

Defendant responds that its Counterclaims concern the Cross License Agreement, but make no mention of a settlement or that the Cross License Agreement was reached to settle the parties' previous litigation. Defendant disputes Plaintiffs' representation that the Cross License Agreement was consideration for a settlement of previously-pending patent litigation. Defendant points out that Plaintiffs' argument relies on facts outside the pleadings and argues that the Court would have to engage in fact-finding in order to dismiss its validity and enforceability claims, which would be improper at this stage of the litigation.

In the seminal case of *Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969), the U.S. Supreme Court held that a license alone does not bar the licensee from challenging the validity of a patent. Since *Lear*, courts have permitted challenges to the validity of patents, despite the existence of a no-challenge clause, due to the "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." However, *Lear* "does not grant every licensee in every circumstance the right to challenge the validity of the licensed patent." *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1381 (Fed. Cir. 2004) (reversed on other grounds). Courts have recognized an exception to the general rule, when the no-challenge clause is part of an agreement reached in settlement of litigation, or the result of a consent decree. *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 683 F. Supp. 2d 1292, 1297-98 (M.D. Fla. 2009). It is this exception to the general rule that Plaintiffs rely on to argue that the no-

4

challenge clause of the Cross License Agreement bars Defendant's validity and enforceability claims.

However, to determine whether the Cross License Agreement, which contains the no-challenge clause, was reached in settlement of prior litigation would require the Court to make factual determinations that are improper at this stage of the litigation. Plaintiffs filed a redacted Settlement Agreement as an exhibit in support of their motion to dismiss. However, neither Plaintiffs nor Defendant refer to such Settlement Agreement in their pleadings. Plaintiffs have pled a single claim for breach of the Cross License Agreement, and Defendants' pleading likewise references only the Cross License Agreement. Plaintiffs' argument, that the Settlement Agreement was reached to resolve prior patent litigation and that the no-challenge clause therefore bars Defendant's claims, relies on un-pled facts and raises factual issues concerning the patents, the parties, and the scope of the agreements that the Court is not in a position to resolve at this stage of the litigation. Whether the no-challenge clause bars Defendants' validity and enforceability claims is more appropriately resolved at the summary judgment stage or at trial.

    **B.    Whether Defendant Adequately Pled Invalidity and Unenforceability of the Patents**

Next, Plaintiffs argue that Defendant failed to plead sufficiently its First Counterclaim of Invalidity and its Second Affirmative Defense that the patents are invalid for failure to satisfy various provisions of Title 35 of the U.S. Code. Plaintiffs argue that the pleading merely avers that the patents are invalid under any one or more provisions of the Patent Act, without indicating which patent violates which provision or how.

The Court disagrees. In its pleading, Defendant identifies the specific claims of

Plaintiffs' patents which it contends are invalid, as well as the specific code sections that render them invalid. In its First Counterclaim, Defendant alleges the following: "There is a justiciable controversy between Plaintiffs and [Defendant] concerning the validity and scope of claim 53 of the '874 patent, claims 3, 4, and 10 of the '279 patent, and claim 28 of the '859 patent." Defendant further alleges that "the Claims are invalid and void for failure to comply with the provisions of 35 U.S.C. section 101, 102, 103, or 112." Such allegations are sufficient at this stage of the litigation to give Plaintiffs fair notice of Defendant's claims and the grounds on which they rest.

Plaintiffs also argue that Defendant's Fourth Counterclaim and Fourth Affirmative Defense of Unenforceability are not sufficiently pled. Plaintiffs argue–and Defendant does not dispute–that a heightened pleading standard applies to Defendant's claim because it is based on the allegation that Plaintiffs improperly paid a small entity maintenance fee, when a large entity fee was due. Plaintiffs argue that Defendant failed to allege specific facts to permit the Court to infer that a specific individual knowingly withheld or misrepresented information concerning the maintenance fee with a specific intent to deceive the U.S. Patent and Trademark Office.

The Court disagrees. As the Court noted in its prior order when ruling that this claim is not futile, Defendant alleges that Delcamp and Miller knew that the patents were not entitled to small entity status, and deliberately withheld or misrepresented to the PTO that the Patents were entitled to small entity status, by paying the incorrect maintenance fees or issue fee. Defendant further alleges that Miller and Delcamp visited Static Control facilities on multiple occasions and observed that it is a large corporation that operates out of numerous buildings. These allegations, among others, are sufficient at this stage of the proceedings to withstand a motion to

6

dismiss.

The Court similarly rejects Plaintiffs' contention that Defendant's Fifth Counterclaim should be dismissed.  In this Counterclaim, Defendant alleges that Plaintiffs lack patent rights because they elected not to pay the proper maintenance fees, and pursuant to Section 2.3 of the Cross License Agreement, when this occurs, Defendant has the right to pay the fees and obtain ownership of the patents.  Plaintiff disputes the applicability of Section 2.3.  Plaintiffs' argument, however, is based on un-pled facts that are well beyond the scope of this motion.  Therefore, consistent with its prior ruling, the Court again finds that Defendant has alleged sufficient facts to withstand the motion to dismiss.

### C.     Whether Defendant Adequately Pled Its Affirmative Defenses

Plaintiffs' final argument is that Defendant's Third, Seventh, Eighth, and Ninth Affirmative Defenses must be stricken because they do not meet the general pleading requirements of Rule 8.  Those Affirmative Defenses include exhaustion of patent rights, laches, failure to state a cause of action, and failure to join necessary and indispensable parties.

Upon review of the Affirmative Defenses in light of the pleading as a whole, the Court concludes that they are not invalid as a matter of law or patently frivolous, nor have Plaintiffs demonstrated that they shall be prejudiced by them.  Therefore, the Court declines to exercise its discretion to strike the affirmative defenses.

### IV.     Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims and Strike Affirmative Defenses (Dkt. 30) must be **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of January, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record