**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., ET AL.,

    Plaintiffs,

v.                                              Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the Motion for Relief Pursuant To Fed. R. Civ. P. 56(d) Relative to Plaintiffs' Motion for Partial Summary Judgment filed by Defendant Static Control Components, Inc. ("Static"). (Dkt. 167.) Plaintiffs Industrial Engineering & Development, Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC (collectively, "Industrial") have not filed a response, which is not due until June 13, 2014.

In its motion, Static seeks an extension of time to respond to section VIII of Industrial's summary judgment motion, which argues that Static's patent claims are invalid based on Industrial's alleged prior distribution of a universal chip (and development of a computer code used to create that chip). (Dkt. 167.) Static asserts that it has not been able to fully develop facts necessary to respond to Industrial's invalidity arguments, and that the reason for Static's inability to do so is Industrial's discovery conduct during the months leading up to the discovery deadline. (*Id*.) For the reasons stated below, Static's motion is denied.

I.  **BACKGROUND**[1]

According to Static's motion and its attorney's supporting affidavit, the relevant procedural history includes the following:

- In May 2013, the Court granted Industrial's motion to file an amended complaint to assert a declaratory judgment claim that Static's patents were invalid. (Dkts. 85, 86.)

- In June 2013, Static served interrogatories and requests for production directed to Industrial's invalidity claim. In July 2013, Industrial served its responses, which did not mention the alleged chip distributed in the spring of 2004.

- From March 11, 2014 to April 28, 2014, Industrial produced multiple sets of documents (totaling 1,800 pages) as supplemental responses to Static's discovery requests, some of which disclosed computer codes, including the code for the alleged chip. Initially, Industrial did not identify which of the documents were responsive to Static's requests.

- On March 19 and 20, 2014, during the Rule 30(b)(6) depositions of Steven Miller and Herman Schnell, Static first learned about the existence of the alleged chip. Specifically, Miller stated that he had distributed the alleged chip in 2004 (but could not identify the chip's computer code).

- On April 10, 2014, Industrial produced a copy of the alleged chip.

- On April 23, 2014, Industrial identified which of the supplemental documents were responsive to Static's discovery requests and amended its responses to Static's interrogatories.

(*Id*.)

On April 28, 2014, Static filed a motion to compel, seeking to reopen Miller's and Schnell's depositions to take additional discovery on the supplemental document responses produced by Industrial in March and April 2014.[2] (Dkt. 145.) On May 8, 2014, Static filed a consent motion to reopen depositions, stating that the parties agreed that Miller and Schnell will appear for another deposition to testify in their corporate and individual capacities. (Dkt. 148.) This consent motion was granted. (Dkt. 151.) These depositions are scheduled to occur on June 5, 2014. (Dkt. 167.)

---

[1] In this case, the discovery deadline was April 28, 2014, and the dispositive motions deadline was May 12, 2014. (Dkt. 120).
[2] The majority of Static's motion to compel is identical to its instant Rule 56(d) motion.

On May 12, 2014, Industrial filed a motion for summary judgment. (Dkt. 153.) Industrial argues that summary judgment should be granted in its favor on six distinct issues, one of which is whether Static's patent claims are invalid based on a universal chip that Miller had previously developed and publicly distributed. (*Id*. at 26-33.)

On May 27, 2014—the deadline for its response to Industrial's summary judgment motion—Static filed the instant Rule 56(d) motion, seeking a three-week extension of time to respond to the invalidity arguments in Industrial's summary judgment motion. (Dkt. 167.) Specifically, Static seeks to extend the time for filing its response to June 16, 2014, *i.e.,* ten days after it takes the reopened depositions of Miller and Schnell.

## II.    DISCUSSION

Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may delay consideration of a motion for summary judgment, allow additional time for discovery, or issue another appropriate order where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party seeking a Rule 56(d) continuance may not "rest on vague assertions that additional discovery will produce needed, but unspecified facts" but "must specifically demonstrate how postponement of a ruling on the [summary judgment] motion will enable them, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Wallace v. Brownell Pontiac-GMC Co., Inc.,* 703 F.2d 525, 527 (11th Cir. 1983) (citation and quotation omitted) (discussing Rule 56(f), the predecessor of Rule 56(d)). The Court has the sound discretion to deny the continuance if it "is dissatisfied with the nonmovant's explanations as to why he cannot rebut the movant's motion for summary judgment." *Barfield v. Brierton,* 883 F.2d 923, 932 (11th Cir. 1989).

The Court is not satisfied with Static's explanation for why it cannot respond to Industrial's summary judgment arguments regarding invalidity. According to Static, it knew about the alleged chip over ten weeks ago, and subsequently received a copy of the alleged chip and documents containing the relevant computer code. It is not clear why these facts do not allow Static to respond to invalidity arguments based on the alleged chip. Static neither identifies what particular facts about the alleged chip it sought to, but could not, discover in the months leading up to the discovery deadline, nor explains how those facts will be used to rebut Industrial's invalidity arguments. Absent this information, Static's assertion that it has been unable to fully develop necessary facts constitutes a vague assertion that additional discovery is needed to produce unspecified facts, which fails to meet the Rule 56(d) standard. *See Nawab v. Unifund CCR Partners*, 2013 WL 6823109, at *2 (11th Cir. Dec. 27, 2013) ("Although Mr. Nawab indicated that he wished to conduct additional discovery and complete pending depositions, he failed to describe what particular facts he sought, from whom he sought them, or how he would use them to rebut Unifund's arguments in support of summary judgment. In the absence of such information, the district court properly exercised its discretion when it granted summary judgment before the completion of discovery.").

Although Static's motion indicates needing to discover more facts regarding the alleged chip's computer code—which Miller could not identify during his March 2014 deposition, and which the supplemental documents disclosed "without any meaningful identification" (Dkt. 167)—this is, at best, a vague assertion that additional discovery is needed to produce unspecified facts. Static does not explain what particular facts about the code it needs to discover that will be used to rebut Industrial's invalidity arguments. Nor does Static explain the distinction (if any) between identifying, and "meaningfully identifying," the code. Assuming there is a distinction, it

is not clear whether Static has identified—as opposed to "meaningfully identified"—the code, what facts would provide Static with a "meaningful identification," or why such facts are needed to create a genuine issue of material fact as to Industrial's invalidity arguments.

This is not a case where Static has had insufficient time to conduct discovery on this issue. *See, e.g., Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("[S]ummary judgment was not granted until approximately two years after the complaint was filed. During that time, [the parties] were provided with a list of individuals and documents with information relevant to the issues. The parties also agreed on a discovery schedule which the trial court extended on several occasions. In light of the foregoing, we hold that the district court did not abuse its discretion in denying the motion for additional time for discovery."). Industrial knew the importance of discovery into this issue over one year ago, when the parties jointly moved for an extension of the discovery schedule because of "the invalidity issues introduced for the first time by [Industrial's] Amended Complaint relating to the Static Control patents." (Dkt. 95.) The Court granted the extension in June 2013 (Dkt. 96), and again extended the discovery deadline in January 2014. (Dkt. 119.) The discovery deadline—which has been extended multiple times—has provided Static ample opportunity to complete its discovery regarding Industrial's invalidity claim.

Moreover, after learning about the alleged chip during Miller's March 2014 deposition, Static still waited ten weeks—until May 27, 2014, the deadline for filing its response to Industrial's summary judgment motion—before seeking a continuance to allow additional discovery into the alleged chip. Although Static filed a motion to compel on the last day of the discovery deadline to reopen Miller's and Schnell's depositions (Dkt. 145), and later filed a consent motion to take such depositions (Dkt. 148), it did not seek an extension of the discovery or dispositive motion deadlines and scheduled the depositions to occur after the deadline for its response to Industrial's summary judgment motion. Based on this record, Static's Rule 56(d) motion will be denied. *See,*

*e.g., Barfield*, 883 F.2d at 932 (finding no abuse of discretion in denying motion to stay summary judgment where "the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue [its] options").

Notably, although Static's Rule 56(d) motion asserts that it only needs additional discovery to respond to the invalidity arguments raised in Industrial's summary judgment motion, Static has filed no response to the other five, distinct issues argued in Industrial's summary judgment motion. Thus, Static's motion effectively also seeks an extension of time to respond to arguments for which it has sufficient facts. Such an extension is not warranted.

### III. CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Static's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) Relative to Plaintiffs' Motion for Partial Summary Judgment is DENIED. Static shall file its response to Plaintiffs' summary judgment motion by Monday, June 2, 2014.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of May, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record