**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,

        Plaintiffs,

v.                                            Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Static Control Components, Inc.'s Motion *in Limine* To *E*xclude Jesse Delcamp From Testifying At Trial. (Dkt. 207) Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC oppose. (Dkt. 230)

**I.    BACKGROUND**

In March 2012, Plaintiffs filed a complaint, alleging Static breached a cross-license agreement by failing to pay royalties for products that infringed on Plaintiffs' patents. Static filed counterclaims and affirmative defenses asserting, *inter alia*, that patents invented by Steve Miller and owned by Plaintiffs—U.S. Patent No. 7,187,874 ('874 patent); U.S. Patent No. 7,551,859 ('859 patent); and U.S. Patent No. 7,356,279 ('279 patent)—are invalid. Static also asserted that Plaintiffs' patents are unenforceable due to inequitable conduct before the Patent and Trademark Office ("PTO"). Specifically, Static alleged that Plaintiffs knew large entity fees were due but Jesse Delcamp, listed as Miller's patent agent on the '859 patent, claimed small entity status and

paid small entity fees on Plaintiffs' behalf. Delcamp (along with Miller) is one of four members of Plaintiff Universal Imaging Holdings, LLC. (*Id.*)

In August 2012, Plaintiffs served their disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Dkt. 207, Ex. A) Pursuant to Rule 26(a)(1)(A), Plaintiffs identified the following as individuals likely to have discoverable information that Plaintiffs may use to support their claims or defenses:

- Steve Miller (specifically, as having "knowledge of the contract and cross-license at issue");
- Static's officers, employees, former employees and corporate representatives;
- Experts to be determined and disclosed in accordance with the Court's scheduling order; and
- Witnesses and experts disclosed by Static.

(*Id.*) Static's Rule 26 disclosures, in turn, identified Delcamp as an individual with knowledge of "universal chip patents, multibrand chip patents, and royalty payments." (Dkt. 230)[1]

In May 2013, Plaintiffs filed an Amended Complaint to add Count II, seeking a declaratory judgment that patents owned by Static are invalid.[2] (Dkt. 86) On April 28, 2014—the last day of the discovery period (Dkt. 120)—Plaintiffs served their second amended Rule 26 disclosures,[3] which specifically identified Delcamp as an individual with knowledge of the following:

- settlement agreement,
- breach of cross-license,
- damages,
- Plaintiffs' affirmative defenses,
- validity and infringement of Plaintiffs' patents, and
- invalidity of Static's patents.

(Dkt. 207, Ex. C)

---

[1] Plaintiffs' response asserts that Static's initial disclosures are attached as an exhibit (Dkt. 230 at 3), but Static's disclosures are not disclosed.
[2] Due to the Court's August 2014 summary judgment order, Count II is no longer at issue.
[3] In September 2012, Plaintiffs served their first amended Rule 26 disclosures, which included the same list of witnesses disclosed in their initial disclosures. (Dkt. 207, Ex. B)

In its instant motion, Static seeks to exclude Delcamp from testifying at trial, arguing that Plaintiffs violated Rules 26(a) and (e) by untimely disclosing Delcamp as a "trial witness to testify regarding virtually every issue in this case." (Dkt. 207 at 4)

## II.  LEGAL FRAMEWORK

Rule 26(a) requires each party to disclose the names of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i).  Under Rule 26(e), a party must supplement or correct initial disclosures:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . .

Fed. R. Civ. P. 26(e)(1)(A).

A party who fails to comply with Rule 26(a) or Rule 26(e)(1) is precluded from using the undisclosed witness "to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In making determining whether to exclude a witness under Rule 37(c), a district court should "consider: (1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 770 (11th Cir. 2008) (quoting *Bearint ex rel. Bearint v. Dorell Juvenile,* 389 F.3d 1339, 1353 (11th Cir.2004)).

## III.  DISCUSSION

Static argues that Plaintiffs violated Rule 26(a) by failing to disclose Delcamp in their initial disclosures, despite knowing that Delcamp had discoverable information that they may use to support their claims or defenses. Specifically, Static contends that Plaintiffs knew Delcamp had discoverable information because he is an owner of a party Plaintiff and an active participant in

3

the litigation support process. Static also contends Plaintiffs' initial disclosures failed to adequately disclose Delcamp because the inclusion of a "catchall disclosure"—identifying "witnesses . . . disclosed by [Static]"— was not proper under Rule 26(a)(l)(A)(i). Further, Static argues that Plaintiffs' disclosure of Delcamp in its amended disclosures on the last day of discovery was not a timely supplementation under Rule 26(e). Specifically, Static contends that a disclosure on the last day of discovery is equivalent to no discovery at all.

Static contends it "had no reason to believe that Delcamp would testify or possessed any relevant knowledge outside of his litigation support role," or that it "needed to take Delcamp's deposition as a defensive, prophylactic measure," because:

- Delcamp "acted principally in a litigation support context for example working with one of Plaintiffs' expert witnesses, Steven Smoot, to assist with providing printers and chips for the expert to test;"

- Delcamp did not sign interrogatories on Plaintiffs' behalf;

- Plaintiffs did not identify Delcamp as "a fact witness in interrogatory answers or deposition testimony;" and

- Plaintiffs did not identify Delcamp as one skilled in the art of Plaintiffs' patents.

(Dkt. 207 at 2-4) Static asserts that it has been harmed because, had Plaintiffs timely disclosed Delcamp, Static "would have been adequately informed" that Delcamp possessed discoverable information supporting Plaintiffs' case and "could have made educated choices about how best to use [its] discovery resources." (Dkt. 207 at 5)

Further, Static contends there is another reason for excluding Delcamp. Static contends Plaintiffs' amended disclosures describe Delcamp as having knowledge of matters of expert testimony (the "validity and infringement of Plaintiffs' patents, invalidity of Defendants' patents" and "damages"), but Plaintiffs failed to disclose Delcamp as an expert and Delcamp failed to prepare an expert report under Rule 26(a)(2).

4

In response, Plaintiffs argue that their initial disclosures adequately disclosed Delcamp under Rule 26(a) by incorporating Static's initial disclosures, which in turn specifically identified Delcamp as a witness having knowledge of "universal chips, multibrand chips, and royalty payments." Plaintiffs also argue that, even if their initial disclosures failed to adequately identify Delcamp, they properly supplemented their disclosures in accordance with Rule 26(e) by identifying Delcamp as having knowledge of relevant facts throughout discovery. Specifically, Plaintiffs identified Delcamp as having knowledge of facts relevant to topics noticed by Static under Rule 30(b)(6) of the Federal Rules of Civil Procedure, in Plaintiffs' interrogatory responses, and in the deposition testimony of Miller and others.

Further, Plaintiffs argue that any failure to adequately disclose Delcamp is harmless because Static knew Delcamp had knowledge of relevant facts given that Delcamp: has been identified throughout discovery as having relevant knowledge; appeared as Plaintiffs' corporate representative at several depositions in this case;[4] maintains a disclosed ownership interest in a party Plaintiff, is one of Plaintiffs' employees; and is central to Static's own allegations regarding the unenforceability of Plaintiffs' patents.

The Court agrees with Plaintiffs that any inadequate disclosure of Delcamp is substantially justified or harmless. In the Advisory Committee's notes to Rule 37, the following are identified as examples of situations where the failure to disclose may be substantially justified or harmless: "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties" and "the failure to list as a trial witness a person so listed by another party." Fed. R. Civ. P. 37 advisory committee's notes. Here, Static's initial disclosures show that Static

---

[4] Static's motion also asserts that Declamp has "attend[ed] . . . certain depositions as a representative of the Plaintiffs." (Dkt. 207 at 2)

knew Delcamp had knowledge of facts related to Plaintiffs' Count I and Static's allegations (royalty payments and the technology underlying Plaintiffs' patents). Static's own pleadings show it knew that Delcamp had knowledge of facts related to Static's unenforceability claims. Further, Delcamp has apparently appeared as Plaintiffs' corporate representative in this case. Because Delcamp was known to all parties, Plaintiffs' failure to specifically identify Delcamp until their second amended disclosures—at the end of the discovery period—falls in the category of situations identified by the Advisory Committee as substantially justified or harmless, which does not warrant excluding Delcamp from testifying at trial. *See, e.g., Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012) ("Although Holder did not include Magargle in his initial disclosure, her identity nevertheless became known to Kapche during discovery. . . . Because Magargle's identity was 'made known' to Kapche, Holder had no obligation to supplement his disclosures pursuant to Rule 26(e)(1)(A)[.]")

### IV.   CONCLUSION

Accordingly, Defendant Static Control Components, Inc.'s Motion *in Limine* To Exclude Jesse Delcamp From Testifying At Trial (Dkt. 207) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record