**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,
           Plaintiffs,

v.                                                    Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,
           Defendant.
_____/

**ORDER**

This cause comes before the Court on the Motion to Exclude Certain Proffered Expert Testimony of William E. Thacker filed by Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC. (Dkt. 208) Defendant Static Control Components, Inc. opposes. (Dkt. 235)

In Count I of their Amended Complaint, Plaintiffs allege that Static breached a cross-license agreement by failing to pay royalties for products that infringe on Plaintiffs' patents-in-suit. As an affirmative defense, Static alleges that Plaintiffs' patents—U.S. Patent No. 7,187,874 ('874 patent); U.S. Patent No. 7,551,859 ('859 patent); and U.S. Patent No. 7,356,279 ('279 patent)—are invalid. In Count II, Plaintiffs alleged that Static's U.S. Patent No. 7,088,928 ('928 patent") and U.S. Patent No. 7,254,346 ('346 patent) are invalid. However, due to the Court's order on Plaintiffs' motion for summary judgment, Count II is no longer at issue in this case.

William Thacker is Static's employee and a co-inventor of Static's '928 and '346 patents. Thacker's initial expert report, dated March 3, 2014, sets forth his opinions regarding Plaintiffs' '874, '279, and '859 patents. (Dkt. 208-1) Thacker's rebuttal report, dated April 4, 2014, sets

forth his opinions regarding Static's '928 and '346 patents. (Dkt. 208-2) Plaintiffs took Thacker's expert deposition on April 29, 2014. (Dkt. 208-3) Trial is set to begin on November 10, 2014.

In the instant motion, Plaintiffs seek to exclude Thacker from offering his opinions set forth in his expert reports. Plaintiffs argue that Thacker's opinions are unreliable and irrelevant under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), because Thacker's deposition testimony shows he did not use the Court's claim constructions to reach his opinions. Static responds that there is no evidence Thacker construed any claim term contrary to the Court's construction.

Plaintiffs seek to exclude Thacker from offering his opinions regarding Plaintiffs' '874, '279, and '859 patents set forth in paragraphs 4, 8-16 of his initial expert report. However, Plaintiffs only cite to portions of Thacker's deposition testimony relating to Static's '928 and '346 patents; the cited transcript portions do not relate to Plaintiffs' '874, '279, and '859 patents or show that Thacker ignored the Court's claim construction in opining about Plaintiffs' patents.

Plaintiffs also seek to exclude Thacker from offering his opinions regarding Static's '928 and '346 patents set forth in his rebuttal expert report. However, this argument is moot because Count II of Plaintiffs' Amended Complaint is no longer at issue in this case, and Thacker's opinions regarding Static's '928 and '346 patents are no longer relevant.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Exclude Certain Proffered Expert Testimony of William E. Thacker (Dkt. 208) is **DENIED** as to Thacker's opinions relation to Plaintiffs' '874, '279, and '859 patents. The motion is moot as to Thacker's opinions regarding Static's '928 and '346 patents because those patents are no longer at issue.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record