UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,

        Plaintiffs,

v.                                              Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on the Motion to Exclude the Testimony of Defendant's Expert Stephen G. Kunin filed by Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC. (Dkt. 210) Defendant Static Control Components, Inc. opposes. (Dkt. 229)

**I.    BACKGROUND**

Plaintiffs filed a complaint alleging that Static breached a cross-license agreement by failing to pay royalties for products that infringed on patents owned by Plaintiffs. Static's second affirmative defense asserts that Plaintiffs' patents are invalid because, among other things, they fail to comply with the written description requirement. Static's fourth counterclaim and affirmative defense asserts that Plaintiffs' patents are unenforceable due to their inequitable conduct before the United States Patent and Trademark Office ("PTO"). Specifically, Static contends Plaintiffs committed fraud on the PTO by paying small entity fees despite knowing that large entity fees were due.

Stephen Kunin, Static's expert on PTO practice and procedure, spent thirty years with the PTO. (Dkt. 210-1) During that time, he served as the Deputy Commissioner for Patent Examination Policy, established patent rules and policy, and oversaw revisions to the Manual of Patent Examining Procedure. (*Id*. at ¶¶ 6- 7). Kunin has since entered private practice, where he represents clients at PTO proceedings. (*Id.* at ¶ 3). Further, Kunin frequently serves as an expert witness on patent policy, practice and procedure. (*Id.* at Ex. 2).

Kunin submitted an expert report, in which he provides an overview of patents, the patent system, and the PTO's role and function. His report also describes the general practices and procedures relating to patent applications and examinations, claiming small entity status, swearing behind a reference, the written description requirement, the best mode requirement, and the duty of candor and disclosure when dealing with the PTO.

Plaintiffs seek to exclude all testimony from Kunin, arguing that he is not qualified and his opinions are irrelevant to Static's claims.

## II.     LEGAL FRAMEWORK

This Court performs "a gatekeeping role" regarding admissibility of expert testimony. *Daubert,* 509 U.S. at 597. Under the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert testimony has the burden of showing, by a preponderance of the evidence, that the testimony satisfies each of the following prongs:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and

> (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix ex rel G.P. v. Evenflo Co.,* 609 F.3d 1183, 1994 (11th Cir. 2010). With respect to an expert witness's qualifications in patent cases, the Federal Circuit has held that:

> [I]t is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art. Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702. Indeed, where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art.

*Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

### III. DISCUSSION

Plaintiffs seek to exclude Kunin's testimony in its entirety, arguing that Kunin lacks expertise in toner cartridges with printer chips and therefore his testimony will not help the jury understand Plaintiffs' patents. But Kunin's lack of expertise in the technology of Plaintiffs' patents is not a basis for excluding Kunin's testimony. Kunin is not being offered to provide technical-expert testimony on Plaintiffs' patents. Rather, he is being offered to provide testimony on the patent system and PTO practice and procedure, areas in which he is an expert.

Plaintiffs also argue that Kunin's opinions are improper and unhelpful because his report only offers legal conclusions and does not address the specific facts of this case. The Court disagrees with Plaintiffs that Kunin's report solely consists of legal conclusions and legal interpretation of patent law, such that it invades the province of the court to make legal conclusions. Further, although Kunin testifies as to the patent system and PTO practices and procedures in general, it is nonetheless helpful because it provides background information that will aid the trier of fact in understanding the issues in this case, including the written description requirement and inequitable conduct before the PTO.

Plaintiffs also argue that Kunin's specific testimony regarding the availability of information to patent examiners should be excluded because it undermines the statutory presumption of patent validity. Plaintiffs cite to *American Medical Systems, Inc. v. Laser Peripherals, LLC*, which states:

> [The proponent] . . . states that the patent examiner "has very limited access to non-patent prior art" and "does not leave the Patent Office to search for prior art nor does he or she visit or telephone the inventor to request prior art from the inventor." Such statements are inadmissible because they seek to call into question the statutory presumption of validity established in 35 U.S.C. § 282 (2006). *See EZ Dock, Inc. v. Schafer Sys., Inc.*, Civil No. 98–2364, 2003 WL 1610781, at *15 (D. Minn. Mar. 8, 2003) (excluding "testimony disparaging the PTO and its examiners"); *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92–20643, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995) ("Testimony about overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually or insinuating that the Patent Office does not do its job properly is excluded. Such evidence would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office.").

712 F. Supp.2d 885, 903-04 (D. Minn. 2010). However, *American Medical* is inapplicable, because Kunin's report does not disparage the PTO and its examiners or otherwise suggest that the internal pressures of the PTO may lead to improper patent dispositions.

Finally, Plaintiffs argue that Kunin's specific testimony regarding the best mode requirement should be excluded because Static has not raised the best mode requirement as an issue in this case. (Dkt. 201-1, Kunin Report at ¶¶ 76-92)   In its response to Plaintiffs' motion, Static fails to address Plaintiffs' argument regarding the best mode requirement.  Further, the Court is not aware that the best mode requirement is at issue in this case.  Thus, Kunin's opinions regarding the best mode requirement (Dkt. 201-1, Kunin Report at ¶¶ 76-92) are irrelevant to the issues in this case and therefore will be excluded.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Exclude Defendant's Expert Stephen G. Kunin (Dkt. 210) is **GRANTED IN PART AND DENIED IN**

**PART**.  Plaintiffs' motion is granted to the extent that Kunin's opinions regarding the best mode requirement will be excluded; Plaintiffs' motion is otherwise denied.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record