**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,
            Plaintiffs,

v.                                                    Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,
            Defendant.
_____/

## ORDER

This cause comes before the Court on a Motion to Exclude the Testimony of Defendant's Expert Albert Lyter, III, Ph.D. filed by Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC. (Dkt. 211)  Defendant Static Control Components, Inc. opposes.  (Dkt. 228)  Also before the Court is Static's Motion *in Limine* To Exclude "Demonstration" Chip And Related Testimony Or, In The Alternative, For Leave To Amend Affirmative Defenses And Counterclaim, which Plaintiffs oppose.  (Dkts. 214, 231)

**I.    BACKGROUND**

On March 30, 2012, Plaintiffs filed a one-count complaint against Static, alleging Static breached a cross-license agreement by failing to pay royalties for products that infringed on Plaintiffs' patents.  Static filed counterclaims and affirmative defenses asserting, *inter alia*, that patents owned by Plaintiffs—U.S. Patent No. 7,187,874 ('874 patent); U.S. Patent No. 7,551,859 ('859 patent); and U.S. Patent No. 7,356,279 ('279 patent)—are invalid.  Plaintiffs submitted their initial disclosures under Federal Rule of Civil Procedure 26(a)(1), identifying items in their control that they may use to support their claims or defenses.

1

On May 9, 2013, Plaintiffs filed an Amended Complaint to add Count II, seeking a declaratory judgment that patents owned by Static—U.S. Patent No. 7,088,928 ('928 patent") and U.S. Patent No. 7,254,346 ('346 patent)—are invalid.[1]  In June 2013, Static served Plaintiffs with discovery requests regarding Count II, to which Plaintiffs responded in July 2013. The Court subsequently extended the discovery deadline to April 28, 2014.

On March 12, 2014, during the deposition of Static's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), William Thacker, Static asserted that the invention date of Static's '928 and '346 patents was June or July 2004.[2]  On March 20, 2014, during the Rule 30(b)(6) deposition of Plaintiffs' corporate representative, Steven Miller, Plaintiffs asserted that Miller had previously distributed a "demonstration" or prototype universal chip at an industry trade show in April 2004 ("Demo Chip").[3]  (Miller 3/20/14 depo. at 166-67)  Plaintiffs contended that the Demo Chip was an embodiment of inventions, which Miller had previously conceived, found in his notes ("Miller's inventor notes").

On April 23, 2014, Plaintiffs amended their discovery responses to identify the Demo Chip. On April 28, 2014, Plaintiffs amended their Rule 26(a)(1) disclosures to include documents regarding the Demo Chip.

### a. Plaintiffs' Motion for Summary Judgment: Count II

In May 2014, Plaintiffs filed a motion for summary judgment, arguing that the parties were contractually barred from challenging the validity of each other's patents and therefore Count II, along with several of Static's counterclaims and defenses, should be dismissed.  Plaintiffs

---

[1] However, as discussed *infra*, Count II is no longer at issue in this case.
[2] Plaintiffs contend this is the first time Static asserted that the invention date of its '928 and '346 patents was June or July 2004.
[3] Static contends this is the first time Plaintiffs disclosed the Demo Chip.

alternatively argued that, should Count II remain in this case, summary judgment should be granted in their favor because Static's '928 and '346 patents were invalid as anticipated. (Dkt. 153 at 26-33) According to Plaintiffs, Miller's inventor notes and the Demo Chip qualified as anticipatory prior art references preceding the alleged invention date (June or July 2004) of Static's patents. Specifically, the Demo Chip had been publicly distributed in April 2004, and Miller's inventor notes had been faxed to attorney Robert Shear on September 15, 2002, as shown by the date on the facsimile's header.

In response, Static argued that genuine issues of material facts precluded summary judgment as to Count II. Static disputed, among other things, the timeframe of Miller's inventor notes by challenging the probative value of the date shown on the facsimile's header:

> Plaintiffs assert that Miller created notes prior to September 2002 that evidence his conception of the invention of a universal chip[] that electronically communicates with printers to permit a single chipped cartridge to operate in printers of different brands or families. While the document[] bears a fax transmittal line with a September 15, 2002 date, this information was created by a fax of a company (Platinum Wrench) controlled by Miller and, therefore, is highly suspect.

(Dkt. 177 at 24) (footnote references omitted).

   b.   **Pre-Trial Motions**

In June 2014, the parties filed pre-trial motions, including the two at issue here. Static filed a motion *in limine* to exclude evidence and testimony regarding the Demo Chip at trial, arguing that Plaintiffs violated Rules 26 and 37 of the Federal Rules of Civil Procedure by waiting until April 2014, the end of the discovery period, to disclose the Demo Chip as prior art allegedly invalidating Static's patents. (Dkt. 214) Plaintiffs filed a *Daubert* motion to exclude Static's expert, Dr. Albert Lyter, III, Ph.D, from opining at trial that the facsimile machine used by Miller to fax his inventor notes allows users to alter the transmittal date shown on the facsimile's header. (Dkt. 211)

3

### c. Court's Order on Plaintiffs' Motion for Summary Judgment

In August 2014, the Court ruled on Plaintiffs' motion for summary judgment. (Dkt. 243) The Court dismissed Count II, finding that Plaintiffs were contractually barred from filing it. (*Id.*) The Court subsequently directed the parties to confer and identify any pending evidentiary motions that were mooted by the Court's summary judgment order. (Dkt. 244)

Despite initially agreeing that the dismissal of Count II mooted both Static's motion *in limine* to exclude the Demo Chip and Plaintiffs' *Daubert* motion to exclude Lyter, the parties declined to withdraw their respective motions. (Dkt. 246 at 3) Plaintiffs ultimately concluded that neither motion is moot because—even though Count II is no longer at issue—they may seek to introduce Miller's inventor notes and/or the Demo Chip at trial:

> Plaintiffs initially believed that [these arguments] were indeed mooted by this Court's [summary judgment] [o]rder preventing Plaintiffs from challenging the validity of [Static's] patents. However, [Static] disagreed because Plaintiffs may wish to introduce the notes and/or [Demo Chip] at trial, such as for development background and/or in response to [Static's] invalidity contentions [regarding Plaintiffs' patents]. Thus, because Plaintiffs are not willing to agree not to use the notes and/or [Demo Chip] at trial, these motions are not moot.

(*Id.*) Pointing to Plaintiffs' refusal to withdraw their *Daubert* motion, Static, in turn, asserts that it cannot withdraw its motion *in limine*:

> [Static] believes that these motions . . . are moot and that there is no reasonable probative basis for Plaintiffs to seek to introduce the Miller notes or the [Demo Chip] at trial. Plaintiffs do not agree and plan to offer these items into evidence at trial. Thus, Plaintiffs decline to withdraw these motions . . . and [Static] must stand by its Motion in Limine.

(*Id.*) Trial is set to begin on November 10, 2014. (Dkt. 251)

## II. PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE LYTER (DKT. 211)

Plaintiffs seek to exclude trial testimony from Lyter—who opined in his expert report that Miller's inventor notes were sent by a type of facsimile machine that allows users to change the transmittal date displayed on the facsimile header (Dkt. 211-1)—because Lyter's "opinion does

4

nothing to assist the trier of fact in understanding any issues in this case." (Dkt. 211 at 4).  Because Lyter opined that the transmittal date could be changed, not that it was in fact changed in this case, Plaintiffs argue that Lyter's testimony would not help a jury determine the timeframe of Miller's inventor notes—and, in turn, whether those "notes . . . qualify as invalidating prior art to Static's patents." (Dkt. 211 at 2)

In response, Static argues that Lyter's expert opinion relates to Plaintiffs' asserted timeframe of Miller's inventor notes and therefore would assist the trier of fact:

> It relates directly to whether the date Plaintiffs contend Miller conceived of his universal toner cartridge chip could have been altered.  Plaintiffs assert that Miller's notes prove that Miller had conceived of this invention as least as early as September 15, 2002 for the sole reason that there exists a copy of these notes with a fax transmittal header line displaying the date of September 15, 2002.  Unquestionably, the date of these notes is a material fact to be presented to the jury.  Thus, the integrity of the facsimile transmittal header line is paramount.

(Dkt. 228 at 3)

Federal Rule of Evidence 702 requires that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evi. 702.  Thus, Lyter's testimony must be excluded if it does not relate to any issue or factual dispute remaining in this case:

> "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." 3 Weinstein & Berger ¶ 702[02], p. 702–18. *See also United States v. Downing*, 753 F.2d 1224, 1242 (CA3 1985) ("An additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute"). . . . Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591-92 (1993).

If Count II, which alleged the invalidity of Static's patents, were still at issue in this case, the timeframe of Miller's inventor notes would continue to be an issue of fact for trial, and Plaintiffs' motion would be denied because Lyter's opinion meets Rule 702's helpfulness

5

standard.[4] But Count II is no longer at issue in this case; as a result, Lyter's testimony that the facsimile date could be altered is irrelevant. The Court fails to see how establishing the timeframe of Miller's inventor notes—the sole subject of Lyter's opinion—is relevant to any issue remaining in this case.

Accordingly, Plaintiffs' Motion to Exclude the Testimony of Albert Lyter, III, Ph.D. is **GRANTED.**

### III.     STATIC'S MOTION *IN LIMINE* (DKT. 214)

Static argues that Plaintiffs did not timely disclose the Demo Chip upon filing Count II in May 2013, and therefore evidence and testimony regarding the Demo Chip should be excluded. Static contends Plaintiffs violated Rule 26 of the Federal Rules of Civil Procedure by waiting until April 2014 before disclosing the Demo Chip in their amended disclosures and discovery responses as to Count II.

In response, Plaintiffs argue that they did not violate Rule 26 by failing to disclose the Demo Chip until April 2014. According to Plaintiffs, the Demo Chip was not relevant to this litigation until: (1) Plaintiffs filed Count II to allege the invalidity of Static's patents, and (2) Static asserted, during a corporate representative deposition on March 12, 2014, that the invention date of Static's patents was June or July 2004:

> First, at the time of Plaintiffs' initial disclosures, the [Demo] Chip was not relevant because Plaintiffs did not assert patent invalidity claims until [Count II of] their Amended Complaint in May of 2013. Second, it was not until after March 12, 2014, when [Static] finally disclosed its date of invention for its ['928 and '346] patents that it could be determined the [Demo] Chip qualified as prior art . . . .

---

[4] Lyter's opinion—that the facsimile transmittal date could be changed—may help the jury determine the timeframe of Miller's inventor notes. Lyter's failure to conclude that Miller in fact changed the date is a matter for cross-examination, not a basis for excluding Lyter's opinion.

Dkt. 231 at 1-2 (footnote reference omitted). Plaintiffs contend that, in this context, disclosing the Demo Chip in April 2014 was timely:

> Plaintiffs acted swiftly to make all relevant disclosures once the 2004 [Demo] Chip became relevant to this litigation. To be clear, prior to March 13, 2014, Plaintiffs were not aware that any commercial activity occurring in 2004 was relevant to the validity of [Static's] patents, and no discovery requests by Static sought Plaintiffs' universal chips generally.

(Dkt. 231 at 5).

Rule 26(a) requires that a party must, without awaiting discovery requests, provide or describe discoverable information that may be used to support its claims or defenses. Fed. R. Civ. P. 26(a)(1). "The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party." Fed. R. Civ. P. 26 advisory committee's note. A party must fully investigate the case and "make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1).

Further, Rule 26(e) requires a party to supplement its Rule 26 disclosures and its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Rule 37, in turn, addresses a party's failure to supplement its disclosures or discovery responses:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c).

7

Static's motion to exclude the Demo Chip—arguing that Plaintiffs failed to timely disclose the Demo Chip despite intending to use the Demo Chip to support their claim that Static's patents are invalid—is solely based on Count II of Plaintiffs' Amended Complaint, which is no longer at issue in this case due to the Court's summary judgment order.  Further, in arguing that disclosing the Demo Chip in April 2014 (rather than in March 2013, when they filed Count II) was timely and proper, Plaintiffs asserted that the Demo Chip was irrelevant to their claims and defenses before they amended their complaint to add Count II.  Plaintiffs cannot now contend that the Demo Chip is relevant to their claims and defenses (other than Count II).

If the Demo Chip is relevant to their remaining claims and defenses, then Rule 26 required Plaintiffs to disclose the Demo Chip in their initial disclosures.  Plaintiffs' failure to do so is not substantially justified, and it is not harmless given that the Demo Chip was not made known to Static until more than two years after the litigation began.

Accordingly, Static's motion to preclude Plaintiffs from introducing evidence or testimony regarding the Demo Chip in support of Plaintiffs' claims or defenses is **GRANTED.**[5]

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

A. Plaintiffs' Motion to Exclude the Testimony of Defendant's Expert Albert Lyter, III, Ph.D. (Dkt. 211) is **GRANTED**; and

B. Static's Motion *in Limine* To Exclude "Demonstration" Chip And Related Testimony (Dkt. 214) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

---

[5]  The Court denies Static's alternative request to amend (its pleadings to allege that Plaintiffs engaged in inequitable conduct by failing to disclose the Demo Chip to the U.S. Patent Office).

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record