**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,
            Plaintiffs,

v.                                                       Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,
            Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant Static Control Components, Inc.'s *Daubert* Motion To Exclude Expert Testimony Of Elliot Stern Regarding Patent Validity/Invalidity. (Dkt. 215) Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC oppose. (Dkt. 227)

**I.    BACKGROUND**

In March 2012, Plaintiffs filed a one-count complaint, alleging Static breached a cross-license agreement by failing to pay royalties for products that infringed on Plaintiffs' patents. Static filed affirmative defenses asserting, *inter alia*, that patents owned by Plaintiffs—U.S. Patent No. 7,187,874 ('874 patent); U.S. Patent No. 7,551,859 ('859 patent); and U.S. Patent No. 7,356,279 ('279 patent)—are invalid. In May 2013, Plaintiffs filed an Amended Complaint to add Count II, seeking a declaratory judgment that patents owned by Static are invalid.[1]

On March 3, 2014, Plaintiffs served Dr. Elliot Stern's initial expert report, in which Dr. Stern opines about the invalidity of Static's patents. (Dkt. 215-2) This initial expert report asserts

---

[1] But due to the Court's summary judgment order, Count II is no longer at issue in this case.

that Dr. Stern's "fields of expertise include mechanical engineering, design, analysis, manufacturing and patent analysis." (*Id*. ¶ 13) Further, the report attaches Dr. Stern's *curriculum vitae* ("CV"), which identifies his mechanical engineering degrees (B.S., M.S., and Ph.D.), background, and experience. (*Id*., Exhibit 1)  On April 3, 2014, Plaintiffs served Dr. Stern's rebuttal expert report, in which he opines on the issue of the validity of Plaintiffs' patents. (Dkt. 215-3)  This rebuttal report relies on the same background and experience set forth in his initial expert report.

In May 2014, during his deposition, Dr. Stern testified that his areas of expertise included "[e]ngineering and computer science as it relates to interfacing cartridges and printers." (Dkt. 216 at 4)  Dr. Stern specifically identified the areas of "communications, machine interface, signal processing and monitoring, controls," and "[i]n general, circuit boards [and] programming." (*Id*. at 4-5). Dr. Stern testified that his work experience included developing digital signal processing techniques, which is traditionally described as an area of electrical engineering. (*Id.* at 6)  Further, he testified that he designed electronic components and systems (*id*. at 12), as well as "a number of proprietary systems for processing signals." (*Id.* at 22) Dr. Stern's experience also includes providing industry solutions concerning monitor systems, including the "hardware/software communication protocols [and] implementation sensors on the systems." (*Id.* at 27)

On June 13, 2014, Static filed the instant motion, arguing that Stern is not qualified to offer expert testimony on the issues of validity regarding Static's patents[2] and Plaintiffs' patents because he lacks education and experience in electrical engineering or computer science. (Dkt. 215)  In response, Plaintiffs argue that Stern's CV shows he has the requisite experience, attaching a

---

[2] The parties agree that the portion of Static's motion pertaining to Stern's qualification to testify as to the validity of Static's patents is moot due to the dismissal of Count II.

declaration from Stern, dated June 26, 2014, attesting that the experience highlighted in his CV includes computer science and electrical engineering. (Dkt. 227-3)

## II. LEGAL FRAMEWORK

This Court performs "a gatekeeping role" regarding admissibility of expert testimony. *Daubert,* 509 U.S. at 597. Under the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert testimony has the burden of showing, by a preponderance of the evidence, that the testimony satisfies each of the following prongs:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix ex rel G.P. v. Evenflo Co.,* 609 F.3d 1183, 1994 (11th Cir. 2010).

With respect to the issue of a proffered expert witness's qualifications in the context of patent litigation, the Federal Circuit has held that:

> [I]t is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art. Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702. Indeed, where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art.

*Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

**III.     DISCUSSION**

According to Static, a witness with several years of academic or industry experience in computer science or electrical engineering would be qualified as an expert in the pertinent art. Static argues that Dr. Stern is not qualified as an expert in the pertinent art because his degrees, background, and industry experience relate to mechanical engineering, not computer science or electrical engineering.

In response, Plaintiffs do not dispute Static's contention that Dr. Stern should be qualified as an expert in computer science or electrical engineering. Rather, Plaintiffs' argument is that Dr. Stern is qualified as an expert in computer science or electrical engineering. While Dr. Stern does not have a degree in computer science or electrical engineering, Plaintiffs assert that he has "extensive knowledge in electrical communications, experience in computer programming and electrical circuitry, and education and training in all relevant areas of this case." (Dkt. 227 at 4)

Dr. Stern's CV, on its face, extensively describes his education, background, and industry experience in mechanical engineering; his CV does not clearly or expressly describe his experience in electrical engineering and computer science. However, in his subsequent deposition and declaration, Dr. Stern elaborated on the jobs and industry experience identified in his CV, explaining that they required practicing computer science and/or electrical engineering. (Dkt. 216 at 4-6, 23-25; Dkt. 227-3)  This subsequent testimony shows that Dr. Stern has had several years of experience in the areas of computer science and electrical engineering, and that he is qualified to testify as an expert as to the issue of the validity of Plaintiffs' patents.

Static asserts that Stern's subsequent testimony regarding his computer science and electrical engineering experience is contrary to his CV and should be disregarded. However, the Court disagrees with Static that Dr. Stern's testimony conflicts with his CV such that it should be

4

disregarded. Static also asserts that another court in another patent case criticized Dr. Stern for changing his expert testimony. The Court declines to disregard Dr. Stern's sworn testimony on this basis.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Static Control Components, Inc.'s *Daubert* Motion To Exclude Expert Testimony Of Elliot Stern Regarding Patent Validity/Invalidity (Dkt. 215) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record