**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,

            Plaintiffs,

v.                                                                          Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,

            Defendant.
_____/

## ORDER

This cause comes before the Court on a Motion *in Limine* filed by Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC. (Dkt. 205)  Defendant Static Control Components, Inc. opposes. (Dkt. 233)

**I.    BACKGROUND**

On March 30, 2012, Plaintiffs filed a one-count complaint against Static, alleging Static breached a cross-license agreement by failing to pay royalties for products that infringed on Plaintiffs' patents.  Static filed counterclaims and affirmative defenses alleging, *inter alia*, that several claims of patents owned by Plaintiffs—U.S. Patent No. 7,187,874 ('874 patent); U.S. Patent No. 7,551,859 ('859 patent); and U.S. Patent No. 7,356,279 ('279 patent)—are invalid. (Dkt. 25)  According to Static, various products offered by Static and Lexmark International qualify as invalidating prior art because they preceded Plaintiffs' patents and anticipated Plaintiffs' patent claims.

In May 2013, Plaintiffs filed an Amended Complaint to add Count II, seeking a declaratory judgment that patents owned by Static—U.S. Patent No. 7,088,928 ('928 patent) and U.S. Patent No. 7,254,346 ('346 patent)—are invalid. (Dkt. 86)

In May 2014, Plaintiffs filed a motion for summary judgment as to Count II, arguing that the parties were contractually barred from challenging the validity of each other's patents and therefore Count II, along with several of Static's counterclaims and defenses, should be dismissed. Plaintiffs alternatively argued that, should Count II remain in this case, summary judgment should be granted in their favor because Static's patents were invalid as anticipated. (Dkt. 153 at 26-33) According to Plaintiffs, Steven Miller had previously distributed a "demonstration" or prototype universal chip at an industry trade show in April 2004 ("Demo Chip"), which was an embodiment of inventions that were previously conceived by Miller and found in his notes ("Miller's inventor notes"). Plaintiffs asserted that the Demo Chip and Miller's inventor notes preceded Static's patents and anticipated Static's patents.

In June 2014, Plaintiffs filed numerous evidentiary motions, including this motion *in limine*, which seeks to: (1) exclude testimony from Benjamin Newman, a Lexmark employee who was designated as Lexmark's corporate representative for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (2) exclude testimony from Michael Shelby, a Static employee who was designated as Static's corporate representative for a Rule 30(b)(6) deposition; (3) preclude Static from challenging the authenticity of Miller's inventor notes; (4) exclude any document not produced in discovery; (5) exclude any testimony from or reference to David Abraham; (6) preclude Static from offering duplicative expert testimony; and (7) exclude testimony regarding the alleged theft of Static's code. A hearing on Plaintiffs' motion for summary judgment and motion *in limine* was held on August 12, 2014.

In August 2014, the Court ruled on Plaintiffs' motion for summary judgment. (Dkt. 243) The Court dismissed Count II, finding that Plaintiffs were contractually barred from filing it. (*Id*.) The Court subsequently directed the parties to confer and identify any pending evidentiary motions that were mooted by the Court's summary judgment order. (Dkt. 244) In response, the parties disagreed as to whether any portions of the instant motion—particularly, Plaintiffs' arguments regarding Miller's inventor notes—are moot. Plaintiffs contend their arguments regarding Miller's inventor notes are not moot because they may introduce the notes at trial:

> Plaintiffs initially believed that [these arguments] were indeed mooted by this Court's [summary judgment] [o]rder preventing Plaintiffs from challenging the validity of [Static's] patents. However, [Static] disagreed because Plaintiffs may wish to introduce the notes and/or [Demo Chip] at trial, such as for development background and/or in response to [Static's] invalidity contentions [regarding Plaintiffs' patents]. Thus, because Plaintiffs are not willing to agree not to use the notes and/or [Demo Chip] at trial, these motions are not moot.

(*Id*.) Trial is set to begin on November 10, 2014.

## II.    TESTIMONY FROM BENJAMIN NEWMAN

During a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Benjamin Newman—a Lexmark employee designated as Lexmark's corporate representative—testified as to facts relating to Static's allegation that Plaintiffs' patents are invalid as anticipated by products sold by Lexmark International. Specifically, Newman testified about the functionality of various Lexmark products at the time they were offered for sale. However, Newman testified that his knowledge of such facts was based on information that Lexmark employees had pulled from various Lexmark databases. Plaintiffs contend (and Static does not dispute) that the database records upon which Newman's Rule 30(b)(6) deposition testimony relied were not produced during discovery or Newman's deposition.

In the instant motion, Plaintiffs seek to preclude Newman from testifying at trial regarding the functionality and offer dates of Lexmark's products, arguing that Newman's testimony: (a) constitutes inadmissible hearsay; and (b) violates would the best evidence rule.

### A. Hearsay

Plaintiffs contend Newman's Rule 30(b)(6) deposition testimony regarding the functionality and offer dates of Lexmark's products was not based on his personal knowledge and was "hearsay upon hearsay." In response, Static asserts that Newman's Rule 30(b)(6) testimony was proper, because he need not have personal knowledge to testify about matters that are "particularly suitable" for Rule 30(b)(6) testimony. Citing *Sara Lee Corp. v. KraftFoods, Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011), Static appears to argue that Newman's testimony regarding dates and functionality are matters within Lexmark's "corporate knowledge," as that concept is embodied in Rule 30(b)(6), and therefore the personal knowledge requirement set forth in Rule 602 of the Federal Rules of Evidence would be satisfied or can be disregarded at trial.

Plaintiffs' argument for excluding Newman's testimony at trial is based on his Rule 30(b)(6) deposition testimony. However, as pointed out by Static's counsel at the August 12, 2014 hearing, Plaintiffs' motion assumes that Newman's trial testimony will match his Rule 30(b)(6) deposition testimony. The Court will not make this assumption. Without the context of trial, the Court cannot rule on issues regarding the foundation for admitting Newman's testimony at trial. Accordingly, to the extent Plaintiffs seek to exclude Newman's trial testimony regarding the functionality and dates of Lexmark's products as inadmissible hearsay, Plaintiffs' motion *in limine* is **DENIED** without prejudice to Plaintiffs raising an objection at trial.

Nevertheless, the Court will address the parties' arguments as to whether Newman's testimony would be inadmissible at trial, where the Lexmark records upon which Newman's Rule 30(b)(6) deposition testimony relied are not introduced into evidence. The purpose of Rule

4

30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition for corporations. *See Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir.1993). Rule 30(b)(6) allows a party to issue a notice for a corporation's deposition, "describ[ing] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The corporation must designate one or more persons to "testify on its behalf" at the deposition "as to the matters known or reasonably available to the organization." *Id.* In other words, the Rule 30(b)(6) deponent testifies "vicariously" for the corporation regarding matters within the corporation's knowledge. *Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir. 1993).

Rule 30(b)(6) does not require the Rule 30(b)(6) deponent to have personal knowledge of the matters to which he testifies; this is because a Rule 30(b)(6) deponent presents the knowledge, opinions, or positions of the corporation, not of the deponent. However, if the Rule 30(b)(6) deponent lacks personal knowledge, the corporation must educate the deponent so that he is prepared to testify knowledgeably about matters within organization's corporate knowledge. Preparing the deponent includes providing him with documents, present or past employees, or other sources of information to review.

Given the Rule 30(b)(6) framework, Newman's <u>deposition</u> testimony regarding matters within Lexmark's corporate knowledge was proper, even though it was based on information from Lexmark records or Lexmark employees, rather than his personal knowledge. But this does not mean Newman may testify at <u>trial</u> as to matters that are not within Newman's personal knowledge and are hearsay. While Rule 30(b)(6) permits Newman's deposition testimony to be based on matters outside his personal knowledge, Rule 602 limits his trial testimony to matters that are within his personal knowledge. Fed. R. Evid. 602; *see also Sovereign Military Hospitaller Order*

*of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order*, 702 F.3d 1279, 1295 (11th Cir. 2012) (holding the district court erred when it permitted a lay witness—the head of an organization—to testify at a bench trial about the organization's history where the witness had no personal knowledge of the historical facts to which he testified).

The case, *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. Appx. 899 (5th Cir. 2010), is illustrative. *Union Pump* involved Union Pump's cause of action for spoliation of evidence against the defendant. *Id*. at 904. At trial, Union Pump's corporate representative, Mike Bixler, was allowed to testify about matters that were hearsay and not within his personal knowledge:

> Bixler . . . testif[ied] to facts that Union Pump learned during a series of internal investigations. Bixler did not conduct the investigations or have any role in them, no written reports were issued as a result of the investigations, and Bixler learned of the facts he testified to solely through conversations with others.

*Id*. at 907. The defendants appealed, arguing that a new trial was warranted because the district court improperly admitted "Bixler's testimony regarding facts that he learned through other people at the company." *Id*. Union Pump opposed, arguing that Bixler's testimony was properly admitted because "Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative." *Id*. The Fifth Circuit rejected Union Pump's argument, explaining that Rule 602 "limits the scope of a witness's testimony to matters that are within his or her personal knowledge." *Id*. Despite Rule 30(b)(6) and the rules governing the use of such deposition testimony at trial, the Fifth Circuit found that a corporate representative is not permitted to provide hearsay testimony at trial:

> Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial. *See Brazos River Auth. v. GE*

6

> *Ionics, Inc.,* 469 F.3d 416, 434 (5th Cir. 2006). However, a corporate representative may not testify to matters outside his own personal knowledge "to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Id.* at 435.

*Id*. at 907-08.

Thus, Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement.[1] At trial, Static must establish the dates and functionality of Lexmark's products using admissible evidence. Such evidence may include Lexmark's records reviewed by Newman (assuming the records are properly authenticated and a proper foundation is laid); however, it does not include testimony from a witness who lacks personal knowledge.

### B. Best Evidence Rule

Plaintiffs argue that, unless Static introduces the Lexmark records upon which Newman's testimony relies, Rule 1002 of the Federal Rules of Evidence bars Newman's testimony regarding the functionality and offer dates of Lexmark products. Plaintiffs contend Static is offering Newman to testify as to the content of Lexmark's records and is therefore required to introduce the records themselves. In response, Static argues that Rule 1002 does not require introducing the records, because Newman's testimony is being offered to prove the products' offer dates or functionality, not to prove the particular contents of any database record.

Under the best evidence rule, "the production of the original document is required to prove the contents of a writing." Fed. R. Evi. 1002. Determining whether testimony is being offered to prove the contents of the writing may depend on whether the witness's testimony is based on his personal knowledge of the event. *Simmons v. Allsteel, Inc.,* 1999 WL 1045214, at *2 n.6 (N.D. Ill. Nov.12, 1999) ("[T]he relevant question is whether Cosgrove's testimony proves an event from

---

[1] Because of Rule 602's personal knowledge requirement, the Court declines to adopt the approach set forth in *Sara Lee Corp. v. KraftFoods, Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011), which held that a non-party designee's Rule 30(b)(6) deposition testimony may be admissible.

7

his firsthand knowledge of the event. If so, Rule 1002 does not apply. If Cosgrove's testimony goes to the contents of the leases or seeks to prove an event from his familiarity with the leases, Rule 1002 applies."). Specifically, "[i]f a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document, however, then Rule 1002 does not apply." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648-49 (7th Cir. 2006) (citing *Simmons v,* 1999 WL 1045214, at *2). As one court explained:

> The question is whether Hastings' [the plaintiff's former employee's] testimony would tend to prove an event from Hastings' firsthand knowledge of that event. If so, Hastings' testimony is not covered by Rule 1002. However, if Hastings' testimony goes to the contents of financial documents, or seeks to prove an event from Hastings' familiarity with documents recording the event, Rule 1002 bars his testimony.

*Middleby Corp. v. Hussmann Corp.,* 1993 WL 151290, at **14-15 (N.D. Ill. May 7, 1993) (holding the witness's testimony sought to prove an event from the written record because the witness's testimony was based on his review of unproduced records, rather than his personal knowledge, and was therefore barred by Rule 1002); *see also Waterloo*, 467 F.3d at 648-49 (the district court did not abuse its discretion in denying the plaintiff's motion to strike affidavit testimony regarding a settlement agreement because the affiant's statements were based on his personal knowledge of the settlement negotiations, not on his knowledge of the settlement agreement).

Unless Newman has personal knowledge obtained independently of any unproduced writing, Rule 1002 would bar Static from offering Newman's testimony as to the functionality and sales dates of Lexmark products where the relied-upon written records are not introduced. However, given that Static could seek to introduce the Lexmark records at trial, Plaintiffs' pre-trial motion to exclude Newman's testimony on the basis of the best evidence rule is premature. Accordingly, to the extent Plaintiffs seek to exclude Newman's trial testimony regarding offer

dates and functionality of Lexmark's products as inadmissible under Rule 1002, Plaintiffs' motion *in limine* is **DENIED** without prejudice to Plaintiffs raising any objections at trial.[2]

### III.     TESTIMONY FROM MICHAEL SHELBY

Michael Shelby is a Senior Hardware Engineer employed by Static since 2005. Static designated Shelby as its corporate representative for Static's Rule 30(b)(6) deposition, which was taken on March 13, 2014. (Dkt. 189) Shelby submitted a declaration, dated May 12, 2014, asserting various facts regarding the offer dates and functionality of Static's products in 2002 to 2005. (Dkt. 155 at ¶¶ 8-17) In their motion *in limine*, Plaintiffs seek to preclude Shelby from testifying about these facts.

#### A. Hearsay and Best Evidence Rule

Plaintiffs' arguments for excluding Shelby's testimony mirror their arguments for excluding Newman's testimony. Specifically, Plaintiffs contend Shelby's testimony constitutes inadmissible hearsay and violates the best evidence rule, asserting that Shelby's testimony is based on his review of Static's records, not his personal knowledge of Static's products.

In response, Static contends Plaintiffs' arguments for excluding Shelby's trial testimony should fail for the same reason that Plaintiffs' arguments for excluding Newman's trial testimony should fail. Specifically, Static asserts that Shelby properly testified to matters of "corporate knowledge" during his Rule 30(b)(6) deposition, and that the best evidence rule does not apply because Shelby's testimony is not offered to prove the contents of any particular record.

Given that the parties' arguments regarding Shelby are the same as their arguments regarding Newman, the Court adopts its reasoning set forth above in its rulings regarding Newman.

---

[2] Further, Plaintiffs contend Newman could neither sufficiently identify the records he reviewed nor distinguish between a product's announce date and the date that a product was offered for sale. However, these are issues that go to credibility, not admissibility.

9

Accordingly, to the extent Plaintiffs seek to exclude Shelby's trial testimony regarding the offer dates and functionality of Static's products as inadmissible because it is hearsay, the Court cannot rule without the context of a trial and Plaintiffs' motion *in limine* is **DENIED** without prejudice to Plaintiffs raising any objections at trial. However, Shelby's testimony in his capacity as a fact witness must be based on personal knowledge, because Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement.

Further, to the extent Plaintiffs seek to exclude Shelby's trial testimony regarding the offer dates and functionality of Static's products as inadmissible under the best evidence rule, Plaintiffs' motion *in limine* is **DENIED** without prejudice to Plaintiffs raising any objections at trial. However, it is the Court's position that, unless Shelby has personal knowledge obtained independently of any unproduced writing, Rule 1002 would bar Static from offering Shelby's testimony as to the functionality and offer dates of Static's products where the relied-upon records are not introduced.

### B. Documents Relied Upon by Shelby

Plaintiffs also argue that, even if the documents upon which Shelby's Rule 30(b)(6) deposition relied were available to be introduced at trial, they should be excluded because Static failed to produce those documents during discovery or Shelby's deposition. In response, Static asserts that it did not preclude Plaintiffs from seeing any of the relied-upon documents. According to Static, Plaintiffs could have requested the relied-upon documents during discovery, but Plaintiffs chose to not request those documents as part of their strategy "to play a game of admissibility 'gotcha.'" (Dkt. 233 at 7)

However, the Court will not grant a blanket motion to limine out all documents that were relied upon by Shelby during his deposition but that were not produced during discovery. Accordingly, Plaintiffs' motion *in limine* as to this issue is **DENIED** without prejudice to Plaintiffs

raising any objections at trial, should Static seek to introduce documents that were relied upon by Shelby and that should have been produced during discovery but were not.

Further, Plaintiffs assert that Shelby is not Static's records custodian. (Dkt. 205 at 9) Plaintiffs appear to argue that Shelby cannot lay the foundation for admissibility of Static's records under Rule 803(6) of the Federal Rules of Evidence because he is not a records custodian. However, testimony from a records custodian is not the sole method for establishing the foundation for admissibility under Rule 803(6). *See* Fed. R. Civ. P. 803(6) ("testimony of the custodian or another qualified witness"). Accordingly, to the extent Plaintiffs seek to exclude the relied-upon records as inadmissible under Rule 803(6), Plaintiffs' motion is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

### IV.    AUTHENTICITY OF MILLER'S INVENTION NOTES

In Count II of their Amended Complaint, Plaintiffs alleged that Static's patents are invalid. Plaintiffs' motion *in limine* asserts that "[s]hould invalidity continue to be an issue in this case, then Plaintiffs will rely on [Miller's inventor] notes in [their] invalidity claims against . . . Static's patents." (Dkt. 205 at 10) In this context, Plaintiffs seek to exclude Static challenging the authenticity of Miller's inventor notes.

Plaintiffs argue that Static has no evidence contesting the authenticity of Miller's inventor notes and therefore should be precluded from "cast[ing] unfound aspersions as to the authenticity" of the notes. (*Id*.) Plaintiffs contend they have produced evidence of notes—testimony from witnesses who saw the notes, and a facsimile showing Miller's possession of the notes in September 2002, prior to Static's patents—whereas Static's only basis for challenging the notes is Static's mere speculation and an expert report opining that the facsimile dates could be changed.

11

In response, Static does not dispute that Miller created the inventor notes; rather, Static disputes the date of the notes' creation, a fact that is critical to Plaintiffs' allegation that Static's patents are invalid as anticipated. Static contends there is no legal basis for Plaintiffs' efforts to bar Static from disputing the authenticity of the notes, and, in any event, it has evidence that Miller altered the facsimile cover sheet.[3]

Although Count II is no longer at issue in this case due to the Court's summary judgment order, Plaintiffs assert that the instant argument is not moot because they "may wish to introduce [Miller's inventor] notes . . . at trial, such as for development background and/or in response to [Static's] invalidity contentions [regarding Plaintiffs' patents]." (Dkt. 246 at 3) Static disagrees, arguing that these arguments are moot and that there is no reasonable probative basis for Plaintiffs to introduce the inventor notes at trial.

The Court disagrees with Plaintiffs that this argument is not moot. The parties' dispute regarding Miller's inventor notes turns on the <u>date</u> of the notes, which is an issue of fact relevant only to Count II's allegations regarding the invalidity of Static's patents. Plaintiffs themselves state that they will rely on Miller's inventor notes in support of their invalidity claims against Static patents, "[s]hould invalidity continue to be an issue in this case." (Dkt. 205 at 10) Following the dismissal of Count II, the Court fails to see how the date of Miller's inventor notes is relevant to any issue remaining in this case.

Further, it is unclear how Miller's inventor notes are relevant to the "development background" of this case or alleged invalidity of Plaintiffs' patents-in-suit. But even assuming Plaintiffs could demonstrate how the notes are relevant, the Court fails to see how the <u>date</u> of the

---

[3] These argument are addressed in Plaintiffs' Motion to Exclude Lyter (Dkt. 211), and Static's response in opposition (Dkt. 228), which the Court addresses in a separate order.

notes are relevant. Nonetheless, even if Plaintiffs' argument was not moot, the Court would not issue a blanket order barring Static from disputing the authenticity of the notes.

Accordingly, to the extent Plaintiffs seek to preclude Static from disputing the authenticity of Miller's inventor notes, Plaintiffs' motion *in limine* is **DENIED**.

## V.  DOCUMENTS NOT PRODUCED IN DISCOVERY

Plaintiffs seek to preclude Static from introducing into evidence at trial any documents or items not produced prior to the close of discovery, arguing that it would unfairly prejudice Plaintiffs. In response, Static argues that Plaintiffs' request for a blanket pre-trial order is improper, because the Court cannot rule in a vacuum regarding the admissibility of documents that may or may not ever be at issue. Further, Static asserts that Plaintiffs' discovery conduct was improper and therefore any discovery sanctions imposed by a blanket pre-trial order should not be limited to Static.

While evidence not produced in response to discovery requests before the close of discovery is generally not admissible, the Court will not grant a blanket motion to limine out any and all items not produced during discovery. Accordingly, Plaintiffs' motion *in limine* as to this issue is **DENIED** without prejudice to counsel raising any objections at trial, should a party seek to introduce items that should have been produced during discovery but were not.

## VI.  DAVID ABRAHAM

David Abraham is a former friend of Miller and former employee of Inter Solution Ventures, Ltd. ("ISV"), a catalog business distributing printer cartridge components. According to Plaintiffs, Miller helped Abraham create ISV, and Abraham eventually turned over his control of ISV to Miller. Further, Abraham suffered from personal issues, including substance abuse, and was ultimately incarcerated in March 2003. In August 2013, Static filed a motion to take

Abraham's deposition in jail, asserting that his testimony is relevant to the issues in this case. (Dkt. 99)  Over Plaintiffs' objections (Dkt. 104), Static was permitted to take Abraham's deposition in jail. (Dkt. 105)

In their motion *in limine*, Plaintiffs seek to exclude as irrelevant and unfairly prejudicial: (i) Abraham's testimony, (ii) references to Abraham, (iii) references to Abraham having been incarcerated, homeless, or suffering from substance abuse issues, and (iv) references to Miller concealing Abraham's identity.  Plaintiffs contend Static seeks to present Abraham's testimony for the prejudicial purpose of presenting the jury with a deposition taken from jail.

In response, Static asserts that it has no intention of introducing Abraham's jail deposition at trial.  Static also asserts that Abraham's relevance is not based on his drug issues or incarceration.  However, Static contends that references to Abraham (and ISV) are relevant "to the story of Miller's entry into the remanufactured toner chip industry."  As alleged in its 2004 lawsuit against Miller and entities related to Miller, Static contends Miller created ISV, and made Abraham (who was homeless at the time) ISV's nominal owner, for the purpose of concealing Miller's efforts to steal Lexmark's or Static's printer chip code.  Further, Static contends that Miller's use of Abraham is relevant to Miller's credibility, "which will be a main issue at trial."

The Court is unable to determine at the pre-trial stage whether any or all evidence regarding Abraham is irrelevant or unfairly prejudicial.  However, the fact that Abraham is incarcerated or suffered from substance abuse is irrelevant to any issues in this case.  Accordingly, to the extent Plaintiffs seek to exclude any reference to Abraham's incarceration and substance abuse, Plaintiffs' motion is **GRANTED.**  To the extent Plaintiffs seek to exclude any and all evidence or reference regarding Abraham, Plaintiffs' motion *in limine* is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

## VII.    DUPLICATIVE EXPERT TESTIMONY

Plaintiffs contend that Static has listed three experts to offer opinions on the invalidity of Plaintiffs' patents-in-suit—Ligatti, Shelby, and Thacker—and that such testimony is overlapping and redundant. In their motion *in limine*, Plaintiffs seek to exclude Static from offering duplicative expert testimony. In response, Static argues that Plaintiffs' motion should be denied because it is premature and fails to identify what testimony is believed to be redundant. The Court agrees that expert testimony should not be redundant or duplicative. *See Tran v. Toyota Motor Corp.,* 420 F.3d 1310, 1315-16 (11th Cir.2005) (holding that the district court did not abuse its discretion when it excluded the trial testimony of a second expert, where the first expert had testified on the same topics and had similar qualifications). However, the Court is unable to determine whether such testimony is redundant or duplicative at the pre-trial stage. Accordingly, Plaintiffs' motion *in limine* regarding duplicative expert testimony is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

## VIII.    TESTIMONY REGARDING ALLEGED STEALING OF STATIC'S CODE

Plaintiffs seek to exclude any testimony regarding Miller's or ISV's alleged theft of Static's code in 2003 as irrelevant and unfairly prejudicial. Plaintiffs contend that the alleged theft of Static's code relates to Static's 2004 lawsuit against Miller and other entities relating to Miller, alleging copyright infringement and theft, and are irrelevant to any issue in this case. Further, Plaintiffs assert that even if the alleged theft of Static's code is relevant, its probative value is substantially outweighed by the danger of unfair prejudice. Specifically, because "Static has not proven Miller and ISV stole anything, to cast them as thieves carries a real risk of unfairly prejudicing the jury against them." (Dkt. 205 at 18)

In response, Static asserts that the alleged theft of Static's code is relevant to: (1) the background relationship between the parties, (2) the development and manufacture of the technology at issue in this lawsuit, (3) the invalidity claims at issue in this case, and (4) Miller's credibility.

The Court is unable to determine at the pretrial stage whether any testimony regarding Miller's or ISV's alleged theft of Static's code would be irrelevant and/or unfairly prejudicial. Accordingly, Plaintiffs' motion *in limine* is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

## IX.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion *in Limine* (Dkt. 205) is **GRANTED IN PART AND DENIED IN PART**.

A. To the extent Plaintiffs seek to exclude Newman's testimony regarding the offer dates and functionality of Lexmark's products, Plaintiffs' motion to exclude Newman's testimony is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

B. To the extent Plaintiffs seek to exclude Shelby's testimony regarding the offer dates and functionality of Static's products, Plaintiffs' motion is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

C. To the extent Plaintiffs seek to preclude Static from disputing the authenticity of Miller's inventor notes, Plaintiffs' motion is **DENIED**.

D. To the extent Plaintiffs seek to preclude Static from introducing any and all document that should have been produced during discovery but were not, Plaintiffs' motion is **DENIED** without prejudice to counsel raising any objections at trial.

E. To the extent Plaintiffs seek to exclude any reference to Abraham's incarceration and substance abuse, Plaintiffs' motion is **GRANTED**; to the extent Plaintiffs seek to exclude any and all evidence or reference regarding Abraham, Plaintiffs' motion is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

F. To the extent Plaintiffs seek to exclude duplicative expert testimony, Plaintiffs' motion is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

G. To the extent Plaintiffs seek to exclude any testimony regarding the alleged theft of Static's code, Plaintiffs' motion is **DENIED** without prejudice to Plaintiffs raising any objections at trial.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record