**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC., *et al.*,

        Plaintiffs,

v.                                  Case No. 8:12-cv-691-T-24-MAP

STATIC CONTROL COMPONENTS,
INC.,

        Defendant.
_____/

## ORDER

    This cause comes before the Court on a Motion to Exclude Certain Proffered Expert Testimony of Michael Shelby filed by Plaintiffs Industrial Engineering & Development Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC, and Universal Imaging Holdings, LLC.  (Dkt. 209)  Defendant Static Control Components, Inc. opposes.  (Dkt. 235)

## I.    BACKGROUND

    In Count I of their Amended Complaint, Plaintiffs allege that Static breached a cross-license agreement by failing to pay royalties for products that infringe on Plaintiffs' patents-in-suit.  As an affirmative defense, Static alleges that Plaintiffs' patents—U.S. Patent No. 7,187,874 ('874 patent), U.S. Patent No. 7,551,859 ('859 patent), and U.S. Patent No. 7,356,279 ('279 patent)—are invalid.  Specifically, Static contends various products offered by Static and Lexmark International qualify as anticipatory prior art references, because they disclose each element of Plaintiffs' patent claims and were offered for sale before Plaintiffs' patents.

Michael Shelby is a Senior Hardware Engineer employed by Static since 2005. Static submitted Shelby's initial expert report, dated March 3, 2014, which discusses the prior art references that Static contends invalidate Plaintiffs' patents. (Dkt. 209-1) Specifically, Shelby's initial report (particularly Section IV, titled "Additional Information") discusses the sale dates, and functions at the time of the sale dates, of various Lexmark and Static products.[1] Shelby submitted a rebuttal expert report, dated April 4, 2014. (Dkt. 209-2) Shelby's expert witness deposition was taken on April 18, 2014. (Dkt. 209-3)

In addition to designating Shelby as an expert witness, Static designated Shelby as its corporate representative. During a Rule 30(b)(6) deposition on March 13, 2014, Shelby testified on Static's behalf as to the sale dates and functions of the alleged prior art references based on his review of Static's records and sources. (Dkt. 189) Shelby also submitted declarations attesting to the sale dates and functionality of the alleged prior art references. (Dkts. 155, 186)

In June 2014, Plaintiffs filed various evidentiary motions. Plaintiffs filed a motion *in limine* directed to Shelby's testimony in his capacity as Static's corporate representative. (Dkt. 205) Plaintiffs sought to exclude Shelby from testifying at trial, arguing that Shelby's Rule 30(b)(6) deposition testimony was based on his review of Static's records and hearsay, not his personal knowledge. (*Id.*) In response, Static argued that Plaintiffs' motion should be denied because a Rule 30(b)(6) deponent's testimony need not be based on personal knowledge. (Dkt. 233)

---

[1] For example, Section IV of Shelby's initial expert report asserts the following about Lexmark's "Optrachip" product:

> 10. Static Control developed a replacement chip for use on Lexmark cartridges, which first sold in January of 2002. The chip was called the Optrachip.
>
> 11. The Optrachip worked in more than one brand of printer as described above.

(*Id.* at 7 ¶¶ 10-11)

Further, Plaintiffs filed the instant *Daubert* motion, which is directed to Shelby's testimony in his capacity as an expert witness. (Dkt. 209) Contending that Static seeks to introduce inadmissible hearsay under the guise of Shelby's expert testimony, Plaintiffs seek to exclude Shelby from testifying as to "details of products, sales dates and functionality of [Static's and Lexmark's] products prior to January of 2006," facts not based on personal knowledge, and any opinions that rely on such excluded facts. (*Id*. at 9)

## II.   LEGAL FRAMEWORK

Although Federal Rule of Evidence 703 permits expert witnesses to base their opinions on inadmissible hearsay in limited circumstances, it "provides a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose." Fed. R. Evid. 703 Advisory Committee Notes, 2000 Amendments. Under Rule 703:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

"Rule 703, however, is not an open door to all inadmissible evidence disguised as expert opinion." *United States v. Scrima,* 819 F.2d 996, 1002 (11th Cir. 1987). "[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (internal citation and quotation omitted); *see also Pelster v. Ray*, 987 F.2d 514, 527 (8th Cir. 1993) (parties may not "bring inadmissible hearsay and documents before the jury in the guise of expert testimony to prove subsidiary facts in their evidentiary chain that the jury is entitled to decide for itself by examining evidence that meets the requirements for admissibility").

## III.   DISCUSSION

Plaintiffs' motion argues that Shelby should be precluded from offering expert witness testimony as to facts not based on his personal knowledge—regarding sales dates, details, and functionality of Static's and Lexmark's products—and as to any opinions based on such facts. Plaintiffs do not dispute that Shelby is qualified as an expert in the pertinent art; rather, Plaintiffs' argument for exclusion is that Static is using Shelby's expert testimony to introduce inadmissible hearsay regarding the allegedly invalidating prior art.

According to Plaintiffs, Static lacks admissible evidence regarding the details, functions, and sale dates of Lexmark and Static products, *see* Plaintiffs' Motion *in Limine* (Dkt. 205),[2] and therefore intends to use Shelby's expert testimony to introduce inadmissible evidence regarding such facts.  Pointing to Shelby's initial expert report (particularly Section IV), Plaintiffs contend Static uses Shelby to provide "expert opinions" that merely repeat inadmissible hearsay recorded in Static's documents and files.

Static responds that, even if Shelby's expert opinion is based on inadmissible hearsay,[3] Rule 703 permits expert opinions to be based on facts reasonably relied upon by experts in their field, even if there is no admissible evidence of those facts.  Static contends Plaintiffs simply dispute the facts upon which Shelby's expert opinion is based, which is not a proper basis to exclude Shelby's expert testimony.

---

[2]  Plaintiffs' motion *in limine* seeks to exclude Shelby's trial testimony based on his Rule 30(b)(6) deposition testimony regarding sale dates and functions of the alleged prior art.  (Dkt. 205)

[3]  Static first asserts that Shelby's expert opinion is not based on inadmissible hearsay.  Static contends—as it did in its response to Plaintiffs' motion *in limine* (Dkt. 228)—that a Rule 30(b)(6) deponent may testify as to facts outside his personal knowledge.  The parties' arguments regarding the admissibility of Shelby's testimony in his capacity as Static's corporate representative are addressed separately in the Court's order on Plaintiffs' motion *in limine*.

Static is correct that Rule 703 allows Shelby to rely on hearsay in reaching his expert opinions. But Shelby cannot testify as to inadmissible hearsay under the guise that his opinions are based on such inadmissible evidence.

Shelby's initial expert report provides the dates on which Lexmark and Static first offered various products for sale, even though Shelby lacks personal knowledge of those dates.[4] Shelby does not apply any expertise to those dates or draw any conclusions based on those dates. In other words, Shelby offers no expert opinion based on the sale dates. Thus, it appears that the purpose of Shelby testifying as to specific sale dates is to introduce evidence of those sale dates, rather than to explain the basis of any expert opinion or help the jury to evaluate such opinion. Accordingly, Plaintiffs' motion is **GRANTED** to the extent that Shelby—while testifying in his capacity as an expert—may not offer testimony as to specific sale dates, unless that testimony is based on his personal knowledge or evidence that is otherwise admissible.

Further, Shelby's initial expert report provides details about products at the time they were first offered for sale, which he uses to form his opinions regarding their functionality. Shelby may testify as to his expert opinions regarding the functionality of the products, even if his opinions are not based on admissible facts or data. *See* Fed. R. Evid. 703. Whether Shelby may disclose any inadmissible facts or data on which that expert opinion relies, however, depends on whether "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect," *id*, and whether Static is using Shelby's expert testimony as a mere conduit for introducing inadmissible evidence. These determinations are best left for trial (following Plaintiffs' contemporaneous objections).

---

[4] For example, Section IV of his report sets forth facts based on his review of Static's records and of which he lacks personal knowledge.

Accordingly, to the extent Plaintiffs seek to preclude Shelby—while offering his expert opinion regarding the functionality of the alleged prior art—from disclosing any inadmissible facts or data upon which his expert opinion relies—Plaintiffs' motion is **DEFERRED**.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Exclude Certain Proffered Expert Testimony of Michael Shelby (Dkt. 209) is **GRANTED IN PART AND DEFERRED IN PART**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record